Irene HARDY, Plaintiff-Respondent,

v.

William Henry BRUNS, Defendant-Appellant.

No. 31791.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1964.

Dearing, Richeson, Weier & Roberts, Samuel Richeson, Hillsboro, Charles Sheehan, House Springs, for defendant-appellant.

Blackwell & Blackwell. Hillsboro, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff sued for the sum of $9600 alleged to be due her from defendant for work and labor performed at the agreed rate of $1.00 per hour. Defendant denied the indebtedness and pleaded payment of $2,000 in full discharge of any and all claims which plaintiff had against him. The jury returned a verdict of $2,000 fur plaintiff, on which judgment was entered, and defendant appealed.

There was no dispute between the parties regarding the terms of the oral contract. Both agreed that plaintiff helped defendant build a house on defendant's land at Morse Mill out of cedar logs which they cut and peeled. Both agreed that the contract made was that plaintiff and defendant were to reside in the house; that defendant was to buy the food; and that in return plaintiff was to do defendant's washing, ironing, cooking, and keep the house clean. Both further testified that it had been agreed that defendant would pay plaintiff $1.00 an hour for any work other than her household duties which plaintiff performed on defendant's farm. Plaintiff testified that between 1952 and 1960 she performed a variety of work on the several farms leased and operated by defendant during that period, that she had periodically requested payment and had been told by the defendant, " * * * try and get it," and that she had never been paid. Defendant admitted that plaintiff had performed a slight amount of farm work but testified that he had paid her for that which was done.

■ Defendant's initial assignment is that there was not sufficient competent evidence in the record to support the verdict of $2,000. This requires a further statement of the evidence in the light most favorable to plaintiff. Kettler v. Hampton, Mo., 365 S.W.2d 518. Plaintiff testified that from April to September in each of the years from 1952 to and including 1960 she worked on defendant's farm on an average of three to four days a week, for eight to twelve hours a day; and that such work consisted of planting corn, plowing, discing, driving a tractor, putting up hay, fixing fences, feeding day old calves out of a bucket, and feeding corn and hay to cattle all winter. Simple mathematics demonstrates that if the minimum figures to which plaintiff testified are used, eight hours per day, three days each week, twenty-six weeks each year, for nine years, the result would be 5616 hours. The agreed rate was $1.00 an hour. It is obvious that plaintiff's evidence was more than sufficient to support the verdict of $2,000 which the jury returned.

■ Defendant next contends that the court erred in admitting into evidence, over defendant's objection, defendant's bank book and evidence of his bank deposits. Such evidence was injected into the case by plaintiff, who called defendant to the stand. During her examination of defendant plaintiff inquired whether defendant had made a great deal of money from his farming operation and sales during the years 1952 to 1960. After an objection had been made and overruled defendant answered, "Not much." Defendant was asked which banks he did business with during those years and stated there were two, those at Fenton and Hillsboro. Over further objection defendant identified plaintiff's Exhibit A as his bank book for the Bank of Hillsboro, and plaintiff developed that defendant had made deposits totaling $51,570.28 in that bank between May, 1952 and August, 1961. However, defendant was not asked and did not state the source of such funds. As defendant points out, the parties were in agreement regarding the terms of the contract and the fact that plaintiff had performed *some* work for defendant. The fundamental issues in dispute were the number of hours plaintiff had labored for defendant, and whether defendant had paid her for the time she worked. Plaintiff seeks to justify the admission of such evidence on the ground that it " * * was relevant and corroborative of plaintiff's efforts and work on the farm for the defendant, and which contributed to defendant's earnings. * * *" Implicit in that argument is the highly dubious assumption that two persons working on a farm will necessarily and invariably produce more income therefrom than one. But even under plaintiff's theory of relevancy the burden was on her to establish that the deposits made were derived from defendant's farming operation before such evidence was admissible. Admittedly, no such foundation was laid. Hence the evidence as to defendant's bank book and deposits did not tend to prove or disprove the number of hours plaintiff had worked, or whether she had been paid, and was therefore irrelevant and prejudicial. Wiener v. Mutual Life Insurance Co. of New York, 352 Mo. 673, 179 S.W.2d 39; Springli v. Mercantile Trust Co., Mo.App., 333 S.W.2d 311.

■ At some unstated time prior to the trial of this case the plaintiff and defendant were married, and were divorced on December 10, 1962. The decree of divorce provided that defendant was to pay plaintiff the sum of $2,000 as alimony in gross. During cross-examination of plaintiff defendant sought to inquire about a conversation between plaintiff and her counsel and defendant and his counsel which it was claimed had occurred on the day the divorce was granted. An objection was sustained, and defendant then offered to prove that the plaintiff and defendant had orally agreed that the $2,000 paid was to cover not only plaintiff's alimony in gross but " * * * any and all claims (the) parties had between each other."

The trial court ruled such evidence was inadmissible because it constituted a collateral attack upon the decree of divorce. That ruling was correct. As stated in Owen v. City of Branson, Mo.App., 305 S.W.2d 492, 497: "Judgments (including judgments by agreement) are conclusive of the matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds. Freeman on Judgments, 5th Ed., vol. 3, § 1350, p. 2773; Drainage District No. 1 Reformed, of Stoddard County v. Matthews, 361 Mo. 286, 234 S.W. 2d 567 * * *."

For the reason stated the Commissioner recommends that the judgment be reversed and the cause remanded for a new trial.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause remanded for a new trial.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.